By the Court.—Grover, J.
The order appealed from affected a substantial right, was interlocutory, and involved no question of discretion ; it was, therefore, made appealable to this court, by the Code, § 11, as amended in 1870.
Section 273 of the Code, as amended in 1866, among other things, provides that a referee to whom a cause has been referred for trial and determination, shall make and deliver a report within sixty days from the time the action shall be finally submitted to him, and that, in default thereof, and before the report is delivered, either party' may serve notice on the opposite party, that he elects to end the reference ; and that thereupon the action shall proceed as though no reference had been ordered ; and the referee shall not, in such case, be entitled to any fees. A case is finally submitted to a referee when the trial is closed, and the referee is empowered to proceed immediately to consider and determine the case. Within this rule, *295 this case was finally submitted, to the referee November 3, 1869. Nothing thereafter remained, to be clone by either of the parties to authorize the referee to decide the case.
The form of the notice to be served by the party intending to end the reference is not prescribed by statute. ■ Any notice, therefore, distinctly giving the opposite party information that the party serving the notice has elected to end the reference, is sufficient.
The notice served January 4, 1870, by the defendant’s attorneys, gave this information. That notice was as follows: “You will please take notice that the defendant in this action will proceed therein as if no reference had been ordered therein.” The plaintiff’s attorney could not fail to understand from this that the defendant had elected to end the reference.
The sixty days from the final submission of the cause to the referee having elapsed, and no report having been delivered by the referee at the time of the service of this notice, the power of the referee thereafter to make or deliver a report was terminated by such notice.
The subsequent delivery of the report by him was without authority of law and void, as much as the rendition of a judgment by a justice of the peace more than four days after the submission of the case to him.
The judgment entered upon the report would not, like the judgment of the justice, be void, for the reason that it is legally regarded as a judgment rendered by the court; and the court having general jurisdiction to determine'the case by final judgment, such judgment, however erroneous, is valid until set aside or reversed.
, It is insisted by the respondent that the case should not be regarded as finally submitted November 3, for the reason that it was thereafter discovered by the referee that the plaintiff’s counsel had neglected to *296 deliver to and leave with the referee certain exhibits given in evidence by him, and certain calculations made by the counsel, and used by him in summing up the case.
The omission of the counsel to furnish these papers to the referee, did not suspend his power to decide the case, and, consequently, did not prevent the running of the time limited for making the decision.
What was said by the referee to the parties, in regard to settling the case, after its submission to the referee, produced no such effect. When, after the submission of a case, the parties by their act reopen the the trial for any purpose, thereby suspending the power of the referee to decide, the time within which the report must be made will commence running when the power of deciding is finally conferred upon the referee.
It is insisted by the counsel for the respondent, that the denial of the motion to set aside the report, should be sustained upon the ground that, in such denial, the court, in the exercise of its discretion, came to the con - elusion that it was a proper case to enlarge the time for the referee to deliver his report.
This position cannot be sustained. After the jurisdiction of the referee has ceased by the service of the notice, the order referring, and all subsequent proceedings, are a mere nullity, the same as though not existing.
The court has no power to render them valid by an order enlarging the time for delivering the report or otherwise. The statute is that thereupon the action shall proceed as though no reference had been ordered.
Had the court power in any way to prevent the action from so proceeding, it would, when exercised, effect a repeal of the statute. The court has no such power.
In the present case I should have been gratified could I have come to a different conclusion, as the report was, in fact, delivered in a few days after the time limited for that purpose, and the facts furnished a *297 good excuse for the delay, if the court had power to excuse it. But the statute is plain in its requirements, and the duty of the court is fairly to apply and carry it into effect. ■ ■
The order appealed from must be reversed with costs, and an order entered granting the motion of the defendant to set aside the report.
All the judges concurred. .
Order reversed, and motion granted with costs.